IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERLIN MORAN )<br>3513 13th Street NW, Apt. 103 )<br>Washington, DC 20010 )<br>   )<br>   Plaintiff, on behalf of himself )<br>   all similarly situated individuals )<br>   )<br>v.   )<br>   )<br>MALAYSIAN KOPITIAM, INC. )<br>1827 M Street NW )<br>Washington, DC 20036 )<br>   )<br>   Defendant. )<br>_____ ) | Civil Action No. _____ |

# CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES

## Introduction

1. Plaintiff was employed as a kitchen hand by "Malaysia Kopitiam," a restaurant operated by Defendant (Though "Malaysia Kopitiam" is the name of the restaurant, "Malaysia**n** Kopitiam, Inc." is the correct name of the corporation that operates the restaurant). Defendant paid Plaintiff and his fellow employees approximately $800.00 twice a month for 72 hours of work per week. This practice deprived Plaintiff and his fellow employees of minimum and overtime wage compensation.

2. Plaintiff brings this action on behalf of himself and all similarly situated individuals, for damages arising from Defendant's willful failure to pay earned wages, including minimum and overtime wages, in violation of: the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq.*; the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; and the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code §§ 32-1001 *et seq*.

3. Plaintiff brings his DCWPCL claim as a class action, pursuant to Fed. R. Civ. P. 23(b)(3). Plaintiff brings his FLSA and DCMWA claims as "collective actions," pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012.

## Jurisdiction and Venue

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (FLSA jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district, and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

6. Plaintiff Derlin Moran is an adult resident of Washington, DC. He resides at: 3513 13th Street NW, Apt. 103; Washington, DC 20010.

7. Defendant Malaysian Kopitiam, Inc. is a District of Columbia corporation. Malaysian Kopitiam, Inc.'s principal place of business is: 1827 M Street NW; Washington, DC 20036. Malaysian Kopitiam, Inc.'s resident agent for service of process is: Stephen J. O'Brien; Mallios & O'Brien; 2600 Virginia Avenue, NW, Suite 404; Washington, DC 20037.

8. At all times relevant to this action, Defendant was an employer within the meaning of D.C. Code § 32-1002(3), D.C. Code § 32-1301(1), and 29 U.S.C. § 203(d).

9. At all times relevant to this action, Plaintiff and other similarly situated individuals were employed by Defendant within the meaning of D.C. Code § 32-1002(1), D.C. Code § 32-1301(1), and 29 U.S.C. § 203(g).

10. At all times relevant to this action, Defendant was an enterprise(s) engaged in interstate commerce.

11. At all times relevant to this action, Defendant's annual gross volume of business exceeded $500,000.

## Factual Allegations

12. Plaintiff worked for the Defendant from approximately October 2010 through approximately August 2011.

13. Plaintiff was employed by Defendant as a general kitchen hand: washing dishes, cleaning the premises, and preparing food.

14. Plaintiff worked from approximately 10:30 a.m. to approximately 10:30 p.m., six days a week.

15. Plaintiff did not have a break during the day which he could use for his own benefit.

16. Defendant paid Plaintiff $800.00 in cash on the 15th and the last day of every month.

17. At all relevant times, the federal minimum hourly wage required by the FLSA was $7.25, and the D.C. minimum hourly wage required by the DCMWA was $8.25.

18. At all relevant times, the DCWPCL, the DCMWA, and the FLSA required Defendant to pay Plaintiff one and one-half times the applicable minimum wage for hours worked in excess of 40 hours in any one workweek.

19. At all relevant times, Defendant did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008

20. For Plaintiff's work from approximately March 21, 2011 through approximately August 31, 2011 (the workweeks for which payment should have been made within the last three years), Defendant should have paid Plaintiff $16,995.00.

21.     For Plaintiff's work from approximately March 21, 2011 through approximately August 31, 2011 (the workweeks for which payment should have been made within the last three years), Defendant only paid Plaintiff $8,800.00.

22.     For Plaintiff's work from approximately March 21, 2011 through approximately August 31, 2011 (the workweeks for which payment should have been made within the last three years), Defendant owes Plaintiff $8,195.00 in unpaid minimum and overtime wages.

23.     On information and belief, there are 50–100 current and former employees of Defendant who had the same job responsibilities as Plaintiff, and who were paid a flat salary that resulted in a sub-minimum wage and a denial of overtime compensation.

24.     At all times relevant to this Complaint, Defendant had the power to hire and fire Plaintiff and the other employees of its restaurant.

25.     At all times relevant to this Complaint, Defendant supervised and controlled the work of Plaintiff and the other employees of its restaurant.

26.     At all times relevant to this Complaint, Defendant controlled the compensation of Plaintiff and the other employees of its restaurant.

27.     On information and belief, Defendant was at all times aware that it was legally required to pay the legal minimum wage.

28.     On information and belief, Defendant was at all times aware that it was legally required to pay its non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

### Class Action Allegations for Claims Under the DCWPCL

29.     Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

30.     Plaintiff seeks to represent a class of: All current and former non-exempt employees of the restaurant doing business as "Malaysia Kopitiam" who have not been paid minimum wages and/or overtime wages, in violation of the D.C. Wage Payment and Collection Law.

31.     Plaintiff brings this class action under Fed. R. Civ. P. 23(b)(3) for Defendant's failure to pay wages in violation of the DCWPCL.

32.     Pursuant to the DCWPL, Plaintiff seeks, on behalf of himself and all similarly situated individuals, unpaid wages, one to three times the amount of unpaid wages as liquidated damages (the DCWPCL was amended, effective October 1, 2013, to provide for treble damages in addition to the wages owed), interest, attorneys' fees, and costs.

33.     The putative class consists of approximately 50–100 former employees of Defendant, who are mostly Latino immigrants of limited means with limited English proficiency. Joinder of all members would be impracticable.

34.      Questions of law and fact are almost completely identical among the putative class members. Among the common questions: 1) Was Defendant an employer of the Plaintiffs within the meaning of the DCWPCL?; 2) Were the Plaintiffs employees of Defendant within the meaning of the DCWPCL?; 3) Were the Plaintiffs non-exempt employees of the Defendant under the DCWPCL; 4) Did Defendant pay Plaintiffs a salary that resulted in a sub-minimum wage?; 5) Did Defendant fail to pay Plaintiffs one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek?; 6) Were Defendant's violations of the DCWPCL willful; and 7) Is Defendant liable for unpaid wages, liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court?

35. Plaintiff's claims are typical of the class he seeks to represent, and he would be an adequate class representative. He is a former non-exempt employee of Defendant's restaurant who was paid a sub-minimum wage and who was denied overtime compensation, in violation of the D.C. Wage Payment and Collection Law. He is owed an amount that is believed to be close to the average of that owed to each member of the putative class. There is no reason that he would not fairly and adequately represent the putative class, as his claims are virtually identical to those of every putative class member.

36. The questions of law and fact common to the putative class predominate over any questions affecting individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. Each putative class member has suffered virtually identical harms that differ only in degree. Any difference between the amount that is therefore owed to each putative class member can be resolved by a basic spreadsheet.

## Collective Action Allegations Under the FLSA

37. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

38. Plaintiff brings this lawsuit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of : All current and former non-exempt employees of the restaurant doing business as "Malaysia Kopitiam" who have not been paid minimum wages or overtime wages, in violation of the Fair Labor Standards Act.

39. Plaintiff and the putative collective action members are "similarly situated," as each putative collective action member has suffered an essentially identical harm: they were not paid the federal minimum wage and/or federally-mandated overtime wages for their work at Defendant's restaurant.

## Collective Action Allegations Under the DCMWA

40. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

41. Plaintiff brings this lawsuit as a collective action pursuant to D.C. Code § 32-1012 on behalf of : All current and former non-exempt employees of the restaurant doing business as "Malaysia Kopitiam" who have not been paid minimum wages or overtime wages, in violation of the D.C. Minimum Wage Act Revision Act.

42. Plaintiff and the putative collective action members are "similarly situated," as each putative collective action member has suffered an essentially identical harm: they were not paid the District of Columbia minimum wage and/or District of Columbia-mandated overtime wages for their work at Defendant's restaurant.

## COUNT I
### FAILURE TO PAY WAGES UNDER THE DCWPCL

43. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

44. Plaintiff, and other similarly situated current and former employees of Defendant, are "employees" within the meaning of the DCWPCL, D.C. Code § 32-1301(2).

45. Defendant was an "employer" within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

46. Defendant violated the DCWPCL by knowingly failing to pay Plaintiff, and other similarly situated current and former employees of Defendant, all wages earned.

47. Defendant's violations of the DCWPCL were willful.

48. For its violations of the DCWPCL, Defendant is liable to Plaintiff, and other similarly situated current and former employees of Defendant, for unpaid wages, three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT II

**FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA**

49. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

50. Plaintiff, and other similarly situated current and former employees of Defendant, were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

51. Plaintiff, and other similarly situated current and former employees of Defendant, were "non-exempt" employees within the meaning of the FLSA, 29 U.S.C. § 213.

52. Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

53. The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

54. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

55. Defendant violated the FLSA by knowingly failing to pay the required minimum wage to Plaintiff and other similarly situated current and former employees of Defendant.

56. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. 29 U.S.C. § 207(a)(1).

57. Defendant violated the FLSA by knowingly failing to pay Plaintiff, and other similarly situated current and former employees of Defendant, one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

58. Defendant's violations of the FLSA were willful.

59. For its violations of the FLSA, Defendant is liable to Plaintiff, and other similarly situated current and former employees of Defendant, for unpaid minimum wage and overtime

compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

60. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

61. Plaintiff, and other similarly situated current and former employees of Defendant, are "employees" within the meaning of the DCMWA, D.C. Code § 32-1002(2).

62. Plaintiff, and other similarly situated current and former employees of Defendant, are "non-exempt" employees within the meaning of the DCMWA, D.C. Code § 32-1004.

63. Defendant was an "employer" within the meaning of the DCMWA, D.C. Code § 32-1002(3).

64. The DCMWA requires that employers pay non-exempt employees the federal minimum wage pursuant to the FLSA, plus $1.00. D.C. Code § 32-1003(a).

65. Defendant violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff and other similarly situated current and former employees of Defendant.

66. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. D.C. Code § 32-1003(c).

67. Defendant violated the DCMWA by knowingly failing to pay Plaintiff, and other similarly situated current and former employees of Defendant, one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

68. Defendant's violations of the DCMWA were willful.

69. For its violations of the DCMWA, Defendant is liable to Plaintiff, and other similarly situated current and former employees of Defendant, for unpaid minimum wage and overtime

compensation, an equal amount as liquidated damages, plus court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and other similarly situated current and former employees of Defendant, respectfully requests that this Court enter judgment against Defendant on all counts, and grant the following relief:

a. Award Plaintiff, and other similarly situated current and former employees of Defendant, unpaid wages, plus one to three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiff, and other similarly situated current and former employees of Defendant, unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

c. Award Plaintiff, and other similarly situated current and former employees of Defendant, unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to DCMWA, D.C. Code § 32-1012;

d. Award Plaintiff, and other similarly situated current and former employees of Defendant, prejudgment and postjudgment interest as permitted by law.

e. Award Plaintiff, and other similarly situated current and former employees of Defendant, reasonable attorneys' fees and expenses incurred in the prosecution of this action;

f. Award Plaintiff, and other similarly situated current and former employees of Defendant, court costs; and

g. Award any additional relief the Court deems just.

Date: 03/25/2014						Respectfully submitted,

							/s/ Justin Zelikovitz
							Justin Zelikovitz, #986001
							LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
							519 H Street, NW; Second Floor
							Washington, DC 20001
							Phone: (202) 803-6083
							Fax: (202) 683-6102
							justin@dcwagelaw.com